**STATE of Missouri, Respondent,**

v.

**Jasper Charles PARRIS, Appellant.**

**No. 57612.**

Supreme Court of Missouri,
Division No. 2.

March 11, 1974.

————◆————

John C. Danforth, Atty. Gen., Vincent F. Igoe, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Lawrence O. Willbrand, St. Louis, for appellant.

HOUSER, Commissioner.

Jasper Charles Parris, convicted by a jury of second degree murder and sentenced to 15 years' imprisonment, filed a notice of appeal prior to January 1, 1972.

The sole point raised on this appeal is that the court "abused its discretion in allowing the State's challenge for cause concerning venireman L.E.N." (Name disguised.)

L.E.N. volunteered the following information on voir dire examination: As a juvenile some ten years previously he was arrested for armed robbery and burglary. In 1969 he was arrested but not prosecuted for harboring a fugitive; it was dismissed. He has had no problems since, is married and has children. There was a possibility that this experience would make him "a little bit more in favor of a defendant, than in favor of the State." He felt he would rather not serve and have that problem. He did not know whether he could "review this case impartially" and render "some type of a fair verdict as the other people" (veniremen who had disclosed that they had been victims of crime). He thought he could be fair to both sides but he did not know. He said, "I might have some kind of feeling about it, without realizing it," but that as far as he could consciously state he would try to be fair to both sides. When a general question was put to the whole panel, whether any of them had any personal scruples which would prevent them from passing judgment on a fellow man, and whether they felt they should not serve as a juror, there was no response from any member of the panel, including L.E.N. The court sustained the State's challenge of venireman L.E.N. for cause.

Appellant claims that "the court abused its discretion which resulted in the State having an additional peremptory challenge since it was not necessary for the State to use one of its peremptories to avoid what the State obviously felt to be undesirable from its points of view," and enjoyed an

extra peremptory challenge beyond what it was allowed by the provisions of § 546.180, RSMo 1969, V.A.M.S.

Under the facts in this case there was no abuse of discretion. Venireman L.E.N. revealed the state of his mind with candor. What he revealed was the likelihood of a subconscious bias in favor of a defendant charged with crime. It would have been unfair to require the State to use one of its peremptory challenges to unseat him as a juror. As in State v. Boothe, 485 S.W. 2d 11 (Mo. banc 1972), so here, the prospective juror clearly demonstrated that he could not approach his duties as a juror with a free and open mind. If L.E.N.'s answers indicating that he would try to be fair raise a doubt any such doubt should be, State v. Wilson, 436 S.W.2d 633 (Mo. 1969), and is, resolved in favor of the ruling of the trial court.

In any event there is no showing that the juror chosen to replace L.E.N. was not properly and duly qualified, or that any of the twelve jurors who sat in the case was disqualified. Appellant was not entitled to any particular juror or jurors. He has no complaint as long as he was tried by twelve qualified and impartial jurors. Thus, in State v. Naylor, 328 Mo. 335, 40 S.W.2d 1079 (1931), it was complained that the court, on the State's challenge, improperly excused a prospective juror, one Eaton, whose voir dire examination did not show that he was disqualified. Overruling this point on appeal this Court said, 1. c. 1083:

"A defendant is entitled of course to a full panel of qualified jurors from which challenges are to be made and the trial jury selected. But we know of no law or decision to the effect that he is entitled as of right to have any particular person on that panel. It may be doubted whether Eaton was disqualified. But no complaint is made that the man chosen in his stead was not duly summoned and qualified, and we fail to see wherein defendant was prejudiced. * * *"

In State v. Huffer, 424 S.W.2d 776 1. c. 779 (Mo.App.1968), the court said:

"Defendant does not have a right to any particular juror. His right is to have his case tried by an impartial jury. Even if we were to assume that the trial court erred in sustaining the challenge for cause, the defendant has not been injured and cannot complain as long as he was tried by an impartial jury. State v. Naylor, 328 Mo. 335, 40 S.W.2d 1079, and O'Brien v. Vulcan Iron-Works, 7 Mo.App. 257. In the case at bar, defendant does not contend that the jury as selected was not impartial."

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.