STATE of Missouri,
Plaintiff-Respondent,

v.

David D. JAMERSON,
Defendant-Appellant.

No. WD 33255.

Missouri Court of Appeals,
Western District.

Dec. 21, 1982.

Cecil D. Williams, Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

David Jamerson was found guilty by a jury of burglary in the second degree. Section 569.170 RSMo 1979. The jury recommended a term of imprisonment of five years, but the court sentenced Jamerson to a term of ten years upon finding him to be a persistent offender. Jamerson contends that the evidence was insufficient to sustain his conviction, and in the alternative that the State's verdict director omitted a required definition of "stealing." Affirmed.

On March 17, 1981, Victor Smotherman observed an unfamiliar car parked in front of the residence of his neighbor Arthur Grau. The car contained four males, one of whom left the car and knocked at Grau's front door. When there was no response to his knock, the man motioned to the remaining occupants of the car, and two other men got out. The three men walked to the rear of the Grau house. At this point, Smotherman went across the street towards Grau's house. As he did so, he observed the man who had remained in the car's driver seat stick his head out of the window and look up and down the street.

Smotherman looked through the front window of the Grau home and observed that the three men were inside rifling through cabinets and drawers. At about this time, Smotherman saw Jamerson rapidly accelerate his car to the point that the tires smoked. The three men inside of the house ran to the rear of the house. Smotherman also ran to the rear of the house and observed Jamerson stop in the middle of the block on the street behind the Grau home. The three men ran to the car and as soon as they were in, the car left the scene.

While these events were transpiring, Smotherman's wife called the police. When the first officer arrived, Smotherman gave a description of the car Jamerson had been driving. Smotherman then got in the police car and a short distance from the scene, he observed the car fitting the description. The officer found Jamerson at the rear of the home where the car was parked, and Smotherman identified Jamerson as the man he had seen driving the car earlier that day.

At trial, Jamerson admitted that he had been driving the car. He claimed, however, that two men had forced their way into his car at gunpoint and forced him to drive to the Grau house. Thus, he maintains that he was driving the car to and from Grau's

house under duress. On the basis of this alibi in combination with his assertion that the State's evidence is inadequate, Jamerson claims that the evidence is insufficient to support his conviction.

Jamerson concedes that on appeal, the evidence supporting the verdict must be accepted as true, and all contrary evidence must be disregarded. Viewing the evidence in this light, it is clear that there was sufficient evidence to support the conviction. Smotherman's testimony that Jamerson drove up to the scene, remained in the driver's seat, stuck his head out the window to look up and down the street, and rapidly moved the car halfway around the block to pick up the three men who had been in the house was clear proof of Jamerson's participation in the crime. "Proof of any form of participation by defendant in the crime is enough to support a conviction ..." *State v. Lyell,* 634 S.W.2d 239, 241[4] (Mo.App. 1982). Thus, the evidence in this case is sufficient to support Jamerson's conviction.

■ Jamerson next contends that the State's verdict director erroneously failed to contain a definition of the word "stealing." The verdict director in this case indicated it was based on "MAI–CR 23.52 2d and Mod. 2.12 2d and 2.04 2d." MAI–CR 33.00 at Note 8 states:

> Unless the Notes on Use expressly require or permit the definition of a term, word or phrase, it must not be defined even if requested by counsel or the jury. *State v. Abrams,* 537 S.W.2d 408 (Mo. banc 1976). In short, the Notes on Use under the MAI–CR forms approved or reapproved after May 1, 1978 give complete and exclusive directions as to all terms, words or phrases which either must or may be defined.

The Notes on Use to MAI–CR 23.52, 2.12 and 2.04, do not require or permit the definition of the word "stealing." Under the plain mandate of MAI–CR 33.00 at Note 8, the court was not permitted to define the term of stealing. Thus, the instruction cor-

rectly omitted a definition of the word "stealing."

The judgment is affirmed.

All concur.