STATE of Missouri, Respondent,

v.

Michael SINCUP, Appellant.

No. 47971.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 31, 1984.

Donald J. Hager, Public Defender, Farmington, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Michael Sincup, appellant herein, was convicted by a jury in the Circuit Court of Madison County of burglary in the second degree. § 569.170 RSMo 1978. The trial court sentenced him to five years' imprisonment in the Missouri Department of Corrections.

Appellant raises several points on appeal. First, he contends that the trial court erred in overruling his objections to remarks made by the prosecuting attorney during closing arguments, pertaining to the term "reasonable doubt." Second, he contends the trial court erred in overruling his motion for judgment of acquittal, in that there was insufficient evidence to support the finding that he "entered" the building within the meaning of § 569.170 RSMo 1978. Finally, he contends that the trial court erred in proceeding to trial because the amended information on which appellant was tried was not properly signed by either the prosecuting attorney or assistant prosecuting attorney. We affirm.

The facts are essentially undisputed. Following a silent alarm at the Energy Gas Station in Farmington, appellant was stopped and searched by police officers. Later it was discovered that the serial number on the dollar bill found in appellant's pocket corresponded to the recorded serial number of a dollar bill which was taken from the station's cash register. The point of entry, a twelve-inch by twenty four-inch window, was marked by what appeared to be a screwdriver. There was testimony at trial that a screwdriver found with appellant fit the marks on the broken window. Appellant was charged by information, which was later amended, and was subsequently convicted of burglary in the second degree.

Appellant first contends that the trial court erred in overruling his objections to the prosecuting attorney's discussion of the term "reasonable doubt" during closing argument. As grounds for this assertion, he relies on State v. Williams, 659 S.W.2d 778 (Mo. banc 1983). Williams, however, is easily distinguished from the case at bar.

In Williams, as in the present case, the prosecuting attorney described the term in the negative by stating, "It is not beyond any doubt whatsoever. It is not beyond a shadow of a doubt." Yet these statements did not constitute the basis for the Missouri Supreme Court's reversal of Williams' conviction. The prosecutor further stated that reasonable doubt is "beyond reason and common sense." State v. Williams, 659 S.W.2d at 781. It was this statement, and not the other two, that caused the court to find counsel's definition of the term incorrect, and thus fatally impermissible.

■ In the present case, the prosecuting attorney did not incorrectly define the term "reasonable doubt." Rather, he stated that he was, "[n]ot held to the higher standard of beyond a shadow of a doubt," and that he did "[n]ot have to prove this case beyond a shadow of a doubt or beyond any doubt or to an absolute certainty." In the past this court has held that such statements, while improper, do not constitute prejudicial error because they are not legally incorrect. State v. Ball, 622 S.W.2d 285, 288 (Mo.App.1981). Appellant's first point on appeal is without merit.

■ Appellant also claims that, because the window through which he entered the building was approximately twelve-inches in size, he did not "enter" within the meaning of § 569.170 RSMo 1978. That statute reads in part, "A person commits the crime of burglary in the second degree when he knowingly enters unlawfully ... in a building or inhabitable structure for the purpose of committing a crime therein." From the evidence adduced at trial, it appears that the appellant reached through the twelve-inch window to remove money from a nearby cash register. This court has previously determined that an entry, however slight, by any part of the person's body is sufficient to establish entry. State v. Johnson, 587 S.W.2d 636, 637–638 (Mo.App.1979). Appellant's second point on appeal is also without merit.

■ Finally, appellant contends that because the amended information on which

he was tried was not properly signed by either the prosecuting attorney or the assistant prosecuting attorney, the trial court erred by proceeding to trial.[1] It is true that Rule 23.01 requires an indictment or information to be signed in writing by the prosecuting attorney; however, Missouri courts have repeatedly held that "deficiencies in an information, such as the failure of the state's attorney to sign and verify the information ... may be waived, and the information will be treated as valid if the accused does not attack it by a motion to quash; that such mere formal defects are waived by proceeding to trial without objection." *Walster v. State*, 438 S.W.2d 1, 3 (Mo.1969). In the present case, appellant failed to raise his objections to the missing signature either prior to trial or during the trial proceedings. In fact, he raises the point for the first time on appeal. Because the objection was not timely raised, appellant waived his right to object to the deficiency in the amended information upon which he was tried.

Judgment affirmed.

REINHARD, C.J., and CRIST, J., concur.

---

1. It should be noted that the original information was properly signed. Appellant objects only to the unsigned amended information, which charged him as a persistent offender.