**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Earsel Larry JOHNSON,
Defendant-Appellant.**

No. 48252.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Jan. 15, 1985.

Donald J. Hager, Public Defender, Farmington, for defendant-appellant.

John D. Ashcroft, Atty. Gen., John J. Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

Defendant-appellant, E. Larry Johnson, was found guilty by a jury of second degree burglary under § 569.170, RSMo 1978. The defendant appeals his sentence as a persistent offender to a term of fifteen years imprisonment.

As the defendant does not challenge the sufficiency of the evidence, we shall set forth only those facts necessary to the disposition of this appeal. A tavern in Farmington, Missouri was burglarized and a number of items stolen including a jukebox, a cigarette machine, and money. The stolen items were traced to the possession of the defendant.

■ During final argument the prosecutor stated the state had to prove its case beyond a reasonable doubt but not beyond a shadow of a doubt, or not beyond any doubt at all. The objection by the defendant's attorney to this argument was overruled. Initially, the defendant contends that the trial court erred in overruling his objection to the prosecutor's remarks during closing argument concerning the term "reasonable doubt." For support defendant relies on *State v. Williams*, 659 S.W.2d 778 (Mo. banc 1983). However, our research reveals that *State v. Sincup*, 674 S.W.2d 689 (Mo.App.1984) is factually more analoguous to the case at bar, and thus, is dispositive of this contention. In *Sincup*, the prosecutor stated his conception of the term in the negative: "not ... beyond a shadow of a doubt," and "not have to prove my case beyond any doubt at all." While this court considers these statements improper, they do not constitute prejudicial error as they are not legally incorrect. *Id.* at 690 *citing State v. Ball*, 622 S.W.2d 285, 288 (Mo.App.1981). Point denied.

■ Secondly, the defendant contends that the trial court erred by instructing the jury on the crime of "burglary" without defining the object crime of "stealing."

For support, defendant simply cites MAI–CR2d 23.52, the instruction for second degree burglary. In response, we direct defendant's attention to Note 8 of MAI–CR2d 33.00: Definitions which states in part "[t]he Notes on Use under MAI–CR forms approved or reapproved after May 2, 1978, give complete and exclusive directions as to all terms, words and phrases which either must or may be defined." *See State v. Jamerson*, 643 S.W.2d 888 (Mo.App.1982). Turning to the Notes on Use under MAI–CR2d 23.52, this court finds that the term "stealing" is not among the terms that must or may be defined. Point denied.

■ Thirdly, the defendant claims that his right to a speedy trial pursuant to § 545.780, RSMo 1978 has been violated because more than 180 days have elapsed between his arraignment and his trial. The defendant was arraigned on April 22, 1983 and was tried on January 3, 1984, a period exceeding the statutory limit by approximately 76 days. However, the record reveals numerous pre-trial motions and change of venue. The defendant should have consulted *State v. Goddard*, 649 S.W.2d 882 (Mo. banc 1983) before raising this point. Had the defendant not raised these motions, his trial would have fallen within the statutory time period. Sections 545.780.3(1)(c, d) RSMo Supp.1984 exclude these periods of delay when computing the 180 days. "While defendant has a legal right to assert such matters, he is in no position to complain of a delay occasioned by the conscientious processing and deciding of such motions by the trial court." *Id.* at 890 *citing State v. Dean*, 637 S.W.2d 409, 411 (Mo.App.1982). Point denied.

■ Lastly, defendant raises twenty-five additional points on appeal proposed by defendant as pro se points. No authorities are cited and no arguments are put forward under these points. The brief states that counsel for the defendant disassociates himself from these points but raises them as required by *State v. Zeitvogel*, 649 S.W.2d 945 (Mo.App.1983). However, in *State v. Pugh*, 600 S.W.2d 114, 116 (Mo. App.1980) the Court of Appeals in the

Southern District recognizes that although careful attention must be given each assignment of error, the constitution of this state as implemented by Rule 30.25(a) does not mandate a discussion on meritless points on appeal. *See also State v. Trimble*, 654 S.W.2d 245, 259–60 (Mo.App.1983). We agree with the Southern District. Hence, after considering all the defendant's additional pro se points, we find them wholly without merit, and thus, discussing any of these points would not add to the general body of the law. Points denied.

Affirmed.

REINHARD, C.J., and KAROHL, J., concur.