**Earsel Larry JOHNSON,
Plaintiff-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

**No. 51825.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1987.

Lindell P. Dunivan, Farmington, for plaintiff-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

KAROHL, Judge.

Movant appeals a denial on pleadings of post-conviction relief from a fifteen year sentence imposed for the crime of burglary second degree. We affirmed the direct appeal. *State v. Johnson*, 684 S.W.2d 584 (Mo.App.1985). The motion court divided the motion grounds into four categories and disposed of each without an evidentiary hearing. The categories are: (a) attacks on constitutionality of the burglary, persistent offender and extended term statutes, (b) judicial misconduct, (c) errors involving the filing of the persistent offender information on the day of trial and its proof, and (d) ineffective assistance of counsel.

Movant's counsel on appeal argues generally that the motion court erred in denying an evidentiary hearing pursuant to Rule 27.26 on three assignments; (a) the motion raised substantial issues of fact regarding denial of due process and lack of a fair and impartial trial judge; (b) the motion raised substantial issues of fact regarding ineffective assistance of counsel; and, (c) the motion raised substantial issues of fact regarding denial of due process as a result of the state's filing of an amended information on the day of trial.

■ An evidentiary hearing on a 27.26 motion is required only if issues of fact are raised in the motion, and if the allegations thereof directly contradict the verity of the records of the trial court. Rule 27.26(e). The trial court determined that there were no issues of fact raised by the motion or not fully determined by the records. We review to determine whether the findings and the conclusions and judgments based on these findings were clearly erroneous. Rule 27.26(j).

The legal file on the present appeal contains only movant's pro se motion. The judgment in the motion court indicates that an amendment was filed by counsel. The amendment had not been included for our review. We therefore look to the pro se motion to isolate the relevant pleadings.

On the question of the need of an evidentiary hearing to pursue an allegation that movant was denied due process for lack of a fair and impartial trial judge we find the following allegations in the motion:

Movant contends that the Court was without Jurisdiction over Movant, In that Judge Pratte Acted Contrary to the Code of Ethic's and Failed to Disqualify Himself, As Records in Johnson vs Johnson # CV581-474DR, of the St. Farncois [sic] Co. Cir. Ct. Shows that Prior to becoming a Judge, Judge Pratte was the Plaintiff's Attorney therein, and this Movant was the Defendant; Records in Federal Court will show, plus transcript, herein, shows that Judge Pratte was a Defendant in a Civil Suit in Federal court in which Movant was the Plaintiff, Said complaint was over the States Attorney Tom Ray and

Judge Pratte, acting Ex-Parte with respect to this movant, to deny him of Equal Protection of the Law; Its without question that a Bias and Prejudice Judge Holds no Jurisdiction; Records shows movant was prejudice by same

■ On this issue no evidentiary hearing was required. If we assume as true that the trial judge represented movant's wife in a domestic proceeding sometime before he became a judge, there is no additional allegation of fact that such representation would render the judge partial or bias against defendant on the trial of the criminal charge.

■ If we further assume that a lawsuit was filed by movant against the trial judge in the federal court, that fact in itself does not serve to disqualify the trial judge. Obviously the existence of such suit would have been known to movant before and during the trial on the criminal charge. No motion was made to disqualify the trial judge for this reason at any time before or during the trial. We gather from the record before the trial court that the nature of the federal suit was a complaint that the trial judge signed an order transferring movant from St. Francois County to the Washington County Jail. This occurred in December, 1983 after the trial judge granted movant's motion for change of venue on August 19, 1983. We learn from movant's motion for new trial that he requested a new trial on the ground:

that the court was bias and prejudice again [sic] defendant and showed same, by it's exparte [sic] communication with the states atty. and issue an ex parte order, to have defendant moved from St. Francois County to Washington county jail, on 12-30-83 next day after the court and state atty. was served with civil summons by the U.S. District court, naming them as defendants in which, defendant herein was the plaintiff therein, said exparte [sic] order and move was a mere harassment, and constituted cruel and unusual punishment, as bond was secured with respect to cause at bar, therefore leaving, Washington County without jurisdiction to hold defendant in their in-

humane jail condition. Said transfer was further maliciously done, to handicap defendant herein, in preparing for his defense, especially where the state did not timely answer the disclouser [sic] of the states evidence, as mandated by the code of ethics and Missouri Supreme Court Rules.

Here also the allegations in the motion raise no facts which justify a finding of bias and prejudice even if we assume the allegations are true. Venue was changed from St. Francois County to Washington County at defendant's request. The records of the trial court indicate that no order was entered, ex parte or not, on December 30, 1983. Accordingly, the allegations before the motion court are insufficient. First, because a 27.26 motion is not available to re-litigate matters decided during trial. Second, no motion for disqualification was made during the trial based on a claim of bias or prejudice although the facts were known to movant. Under these circumstances the allegations in the motion do not raise a question of fact not decided at trial or not resolved by the record.

We further find no manifest injustice based upon a claim which could have been made before the trial court. Movant is not entitled to now claim manifest injustice, after the fact, based upon a claim of bias or prejudice regarding matters known to the defendant, but not presented to the trial judge and where no request for relief was made. Nor is there an allegation of fact to support the alleged conclusion of bias or prejudice. A motion under Rule 27.26 must allege facts, not conclusions, warranting relief; the facts must raise matters not refuted by the files and records; and the matters complained of must have been prejudicial. *Smith v. State*, 652 S.W.2d 134, 135 (Mo.App.1983). Nor is the rule intended to consider matters that could have been raised by direct appeal.

Although the pro se motion raises numerous assignments of ineffective assistance of counsel we find no evidentiary hearing was required to resolve those matters preserved before this court. The argument here is limited to the failure of trial counsel to investigate defenses and specifically failed to discover or make use of evidence regarding a mental disorder of one of the state's key witnesses and the alcoholism of another witness for the state. The requirement for an evidentiary hearing on this allegation depends upon whether these facts, even if true, warrant relief. We find that they do not. First, there is no allegation as to how the discovery of these facts by trial counsel would have been beneficial to movant. The record discloses that the witnesses at issue knew appellant and testified concerning his possession of items stolen during the burglary. Their testimony was clear and unequivocal on those facts only. If either or both suffered from the claimed afflictions there is no allegation of fact that that would have rendered their limited testimony unreliable in any respect. In order to establish ineffective assistance of counsel movant must show that there is a reasonable probability, but for counsel's unprofessional errors, if any, the result of the proceeding would have been different. That showing is not available here. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

There remains an additional assignment that an evidentiary hearing was required to determine relevant facts regarding a denial of due process as a result of the state's filing of an amended information on the day of trial. No evidentiary hearing was required to establish this admitted fact. The trial court permitted the state to amend its information on the day of trial so as to allege that movant was a persistent offender. This tactic was considered in *State v. Bullock*, 655 S.W.2d 628, 630 (Mo. App.1983). In that case the state served a ten day notice prior to the day of trial that it intended to amend the information. The court found no error because the amendment did not relate to a different or additional charge and because Bullock had ample notice of the proposed amendment and requested no continuance. The court found no prejudice.

We reject this claim for several reasons. First, the subject matter of this claim is a matter of trial error not reviewa-

ble in a proceeding under Rule 27.26(b)(3). Permission to amend an information is a matter within the discretion of the trial court subject to review on direct appeal for abuse resulting in prejudice.

Second, the claim does not plead facts which, if true, would support a finding of prejudice. If movant claims that trial counsel was unable by reason of surprise to refute the allegations of prior convictions then the record at trial adequately refutes that contention. The subject matter of the amendment related only to the history of convictions of defendant. He therefore possessed all the information necessary to defend against the alleged prior convictions. No additional witnesses were needed. The test of prejudice is whether a defense under the charge as originally made would be equally available after the amendment and whether the evidence would be equally applicable after as well as before the amendment. *State v. Pinson*, 717 S.W.2d 266, 269 (Mo.App.1986). The amendment related only to persistent offender status. It did not in any way diminish movant's position in defense of the charge of second degree burglary.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.