**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Bennie R. NORRIS,
Defendant-Appellant.**

No. 14893.

Missouri Court of Appeals,
Southern District,
Division Two.

June 25, 1987.

Frederick W. Martin III, West Plains, for defendant-appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

By three counts, the defendant was charged with three separate offenses of selling marijuana. § 195.020. The defendant did not dispute the sales, but presented a defense of entrapment. § 562.066. The jury found the defendant not guilty on Count I. It could not reach a verdict on Count II. It found the defendant guilty on Count III but could not agree upon the punishment. The court fixed the defendant's punishment at imprisonment for seven years.

The defendant's sole contention on appeal concerns the action of the trial court in excusing for cause seven jurors. Upon voir dire examination by the state, each of the seven jurors said they were acquainted with the defendant. Each said it would be difficult or impossible for him or her to be impartial. Defense counsel attempted to rehabilitate one of the seven. However, the juror stated that he could not be fair to both sides. Nonetheless, defense counsel objected to the court excusing the seven jurors for cause. He asserted that because of the phraseology of the state's questions, it was not established the jurors would find it impossible to be impartial. The court then squarely asked the seven jurors if it would be impossible for them to "give both sides a fair and impartial hearing." Each juror said it would be impossible. The seven jurors were excused for cause.

The defendant insisted upon pursuing an appeal even though, in the opinion of diligent appointed counsel, there was no basis for appeal. However, appointed counsel presented the contention advanced by the defendant in accordance with a precautionary procedure outlined in *State v. Zeitvogel,* 649 S.W.2d 945 (Mo.App.1983). Also see *State v. Johnson,* 684 S.W.2d 584 (Mo.App.1985). However, it should be observed that no constitutional principle requires the presentation of a frivolous point on appeal. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

The trial court is accorded wide discretion in ruling on challenges for cause,

but also has a duty to evaluate closely, and at times independently examine, the qualifications of potential jurors. ... Without such independent examination, a more searching review by the appellate court is justified. ... The trial court's determination, however, will be rejected only upon a clear showing of abuse of discretion. ...

No clear line can be drawn as to when a challenge for cause should or should not be sustained; each case must be judged on its particular facts. ... Although errors in the exclusion of potential jurors should always be on the side of caution, ... .

*State v. Draper,* 675 S.W.2d 863, 865 (Mo. banc 1984) (citations omitted).

The state, as well as the defendant, was entitled to a panel of impartial jurors. *State v. Parris,* 506 S.W.2d 345 (Mo.1974). In view of the answers of the seven jurors during voir dire, the trial court did not err in excusing them for cause. Cf. *State v. Draper,* supra; *State v. Parris,* supra; *State v. Koen,* 468 S.W.2d 625 (Mo.1971); *State v. VanSickel,* 675 S.W.2d 907 (Mo. App.1984). The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.