Ezell **APPLEWHITE**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 15930.

Missouri Court of Appeals,
Southern District,
Division Two.

May 15, 1989.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant–Appellant Ezell Applewhite appeals from an order denying, without evidentiary hearing, his Rule 27.26 [1] motion to set aside a judgment and sentence for receiving stolen property, and his separate Rule 27.26 motion to set aside a judgment and sentence for possession of a deadly weapon while intoxicated. The two motions were consolidated in the trial court. The convictions were previously affirmed by this court. See *State v. Applewhite*,

1. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of rule 27.26, because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 29.15(m), effective January 1, 1988.

682 S.W.2d 185 (Mo.App.1984); *State v. Applewhite,* 637 S.W.2d 312 (Mo.App.1982).

Movant's sole contention is that he received ineffective assistance from his trial counsel in the post-conviction proceeding.

"A post-conviction proceeding authorized by the rules of this Court is directed to the validity of appellant's conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding." *Lingar v. State,* 766 S.W.2d 640, 641[2] (Mo. banc 1989).

A gratuitous review of the argument portion of appellant's brief and the record on appeal discloses no prejudicial error.

The judgment is affirmed.

MAUS and PREWITT, JJ., concur.