**STATE of Missouri,**
**Plaintiff–Respondent,**

**v.**

**Kevin SURRATT, Defendant–Appellant.**

**Kevin SURRATT, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**Nos. 16005, 16704.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 26, 1990.

Lew A. Kollias, Columbia, for defendant-appellant and movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SHRUM, Judge.

A jury found defendant Kevin Surratt guilty of receiving stolen property (worth over $150.00), § 570.080, RSMo 1986, a class C felony, and he was sentenced to four years' imprisonment. Defendant appeals, and that appeal is Case No. 16005.

After the jury trial, defendant filed a motion under Rule 29.15, seeking relief from the conviction. The motion was denied without evidentiary hearing. Defendant appeals from that denial, and that appeal is Case No. 16704. The appeals have been consolidated and will be dealt with separately in this opinion.

### Case No. 16005

■ Defendant's only point on appeal is that the trial court erred in striking juror William Turner from the jury panel on its own motion because this action removed the only black juror from the panel thereby denying defendant, who was black, an opportunity to be tried by a jury of his peers selected from a fair cross-section of the community. Defendant claims that juror Turner did not give clear and unequivocal answers showing he could not fairly consider the case, and that a more searching inquiry was mandated before the only black venireperson could be removed from the jury.

During initial voir dire of the jury panel by the trial court, inquiry was made if any veniremembers knew defendant. Jury panel member Turner responded affirmatively. The trial court then inquired if anyone on the panel had heard anything about the case, and the following colloquy with Turner occurred:

VENIREMAN TURNER: I just heard something about it. I don't know any details.

THE COURT: Did you form any opinion about it one way or the other? I don't want to know what your opinion was, I just want to know if you formed one.

VENIREMAN TURNER: I don't have an opinion.

THE COURT: You don't have an opinion one way or the other?

VENIREMAN TURNER: No, sir.

THE COURT: You indicated, Mr. Turner, a moment ago that you knew the defendant.

VENIREMAN TURNER: Yes, sir.

THE COURT: How long have you known him?

VENIREMAN TURNER: Well, I know his family. As a matter of fact I graduated with one of his relatives.

THE COURT: Is there anything about your relationship with his family that would cause you a problem sitting as a juror?

VENIREMAN TURNER: Probably would.

THE COURT: You feel that the court should excuse you because of that?

VENIREMAN TURNER: Yes, sir.

Venireman Turner was not stricken from the panel at that point. Following the trial court's questioning of the jury, the State and defendant's counsel conducted an unrestricted voir dire of the panel. No inquiry was made of venireman Turner by either party to further explore or determine why his relationship with defendant's family would cause him a problem in sitting as a juror. Both the State and defendant had ample opportunity to make the "more searching inquiry," which defendant now says should have been made of venireman Turner. Defendant's counsel did ask the panel: "Because my client, Mr. Surratt, is black does anybody think that will influence their decision one way or the other?" No response was received from any jury panel member, including Turner. At the conclusion of defendant's voir dire examination, the trial court was still faced with venireman Turner's clearly stated problem in sitting as a juror. Accordingly, the trial court struck Turner for cause. Counsel for defendant objected, citing *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court responded as follows:

THE COURT: He [venireman Turner] told me that he knew the family and it would cause him a problem in sitting as a juror against the defendant and I asked

him if he felt he needed to be excused and he said he would. Did I misunderstand?

MR. WOODS: Well, no, sir.

THE COURT: ... I was under the impression that jurors in response to the court's questions that say that they need to be excused and are prejudicial and can't give somebody a fair trial that I can strike them for cause. If I'm wrong let me know.

MR. WOODS: The court is probably correct in that statement, but it seems that in Batson vs. Kentucky that whenever there is a black defendant that whoever seeks to strike him must give a racially neutral reason and it's my opinion that that is not a racially neutral reason....

The trial court then restated its ruling striking venireman Turner for cause.

Defendant's reliance on *Batson v. Kentucky, supra,* is misplaced. That case reexamined the evidentiary burden placed on a criminal defendant who claimed he had been denied equal protection through the State's use of *peremptory challenges* to exclude members of his race from a petit jury. *Batson,* 476 U.S. at 82, 106 S.Ct. at 1714–15, 90 L.Ed.2d at 77.

[T]he component of the jury selection process at issue here, *the State's privilege to strike individual jurors through peremptory challenges,* is subject to the commands of the Equal Protection Clause.... [T]he Equal Protection Clause forbids the *prosecutor* to challenge potential jurors solely on account of their race....

*Batson,* 476 U.S. at 89, 106 S.Ct. at 1719, 90 L.Ed.2d at 82–83 (emphasis added). The trial court clearly stated it was striking venireman Turner for cause. Defendant recognized that fact when, in his brief, he claims, "The record here was not sufficient

to show Turner should have been stricken for cause." Legislation in effect at the time this case was tried clearly distinguishes between challenges for cause [1] and peremptory challenges.[2]

■ As can best be discerned, defendant's argument is that the trial court abused its discretion in striking venireman Turner for cause, and that such abuse transmuted a challenge for cause into a peremptory challenge which, in turn, violated the Equal Protection Clause. No authority is cited by defendant for such proposition. Defendant correctly states that under *Batson v. Kentucky,* the State must adhere to equal protection principles as embodied in the fourteenth amendment when peremptorily striking a juror, and that a defendant can meet his initial burden to show a prima facie case by showing: (a) that the defendant is a member of a cognizable racial group; (b) that peremptory challenges were utilized to strike members of defendant's race from the jury; and (c) that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the venireman from the petit jury on account of his race. However, that principle does not aid the defendant here inasmuch as the exclusion of venireman Turner was not based upon a peremptory challenge.

■ Further, even if in some unknown fashion it could be said that the trial court's striking of venireman Turner was a peremptory strike, defendant did not meet the third prong of making a prima facie case of discriminatory selection of jury veniremen; i.e., he failed to show that the fact that he was black and venireman Turner was black raised an inference that the trial court excluded Turner on account of his race. This is the third requirement of *Batson v. Kentucky,* 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87–88. Defen-

---

1. "It shall be a good cause of challenge to a juror that he has formed or delivered an opinion on the issue, or any material fact to be tried, but if it appear that such opinion is founded only on rumor and newspaper reports, and not such as to prejudice or bias the mind of the juror, he may be sworn." Section 546.150, RSMo 1986 (repealed 1989).

2. "1. In all criminal cases the state and the defendant shall be entitled to a peremptory challenge of jurors as follows:

　　.　　.　　.　　.　　.

(2) In all other cases punishable by imprisonment in the penitentiary, the state shall have the right to challenge six and the defendant six." Section 546.180, RSMo 1986 (repealed 1989).

dant ignores that requirement, or attempts to skirt it, by saying (without citation of authority), that once the trial court removed Turner (a black), "a thorough record should be made to show the venireperson had to be stricken." However, the trial court's duty to make additional independent inquiry of a venireman arises only when the venireman equivocates about his ability to be fair and impartial. *State v. Wheat*, 775 S.W.2d 155, 158 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990); *State v. Hendrix*, 646 S.W.2d 830, 832 (Mo.App.1982). Venireman Turner did not equivocate, but said he "probably would" have a problem sitting as a juror because of his relationship with defendant's family; for that reason, felt he should be excused from serving on the jury.

■ For whatever reason, defendant did not try to rehabilitate venireman Turner, and it was not error for the trial court to excuse Turner for cause. *State v. Norris*, 737 S.W.2d 202, 203 (Mo.App.1987). A trial court's discretion to strike veniremen for cause is not unbridled, *State v. Hopkins*, 687 S.W.2d 188, 189 (Mo. banc 1985), but determination of a potential juror's qualifications remains within the broad discretion of the trial court, and an appellate court will not disturb a ruling on a challenge for cause unless it constitutes a clear abuse of discretion. *State v. Wheat, supra*, at 158; *State v. Lingar*, 726 S.W.2d 728, 733 (Mo. banc 1987), *cert. denied*, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987); *State v. Norris, supra*, at 203. The trial court did not abuse its discretion in striking venireman Turner for cause.

■ Finally, as a part of his sole point, defendant asserts that Turner's presence on the jury could have insured that he received a jury representative of a fair cross-section of the community. However, "[t]here is no right that blacks must serve on a jury in a criminal case." *State v. Hamilton*, 705 S.W.2d 60, 64 (Mo.App. 1985). A defendant has no right to a jury of any particular racial composition. *State v. Mallett*, 732 S.W.2d 527, 540 (Mo. banc 1987), *cert. denied*, 484 U.S. 933, 108 S.Ct.

309, 98 L.Ed.2d 267 (1987). Defendant here made no showing that: (a) persons excluded from jury service are members of a "distinctive group in the community"; (b) the representation of this group in venires is "not fair and reasonable in relation to the number of such persons in the community"; and (c) this underrepresentation results from a "systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 587 (1979). Accordingly, defendant's fair cross-section claim is unsupported by the record and fails. The judgment is affirmed.

## Case No. 16704

■ Movant, Kevin Surratt, appeals the denial of his Rule 29.15 motion without an evidentiary hearing. This court affirms.

Following movant's conviction and while his appeal of the conviction was pending, he filed a timely pro se motion under Rule 29.15 on March 24, 1989. On March 27, 1989, a docket entry made by the motion court read:

> Court notes the Pro Se Motion is incomplete & alleges no grounds provided by rule. Court notes Movant was indigent and represented by Public Defender in re charge, the subject of this Motion. Clerk shall provide Movant and Public Defender Woods with a copy of the Pro Se Motion and this order forthwith so Movant may have opportunity to file a corrected or amended Motion.

The pro se 29.15 motion was incomplete in several respects. Movant used a machine copy of Supreme Court Rule Form 40 and filled in some of the blanks and filed it as his 29.15 motion. Questions 6 and 7 of the form (questions on whether or not appeal of conviction was taken and if so where) were left blank. Paragraph 8 (State concisely all grounds known to you for vacating, setting aside or correcting your conviction and sentence) was left blank. In question 9 of Form 40, movant stated no facts which supported any ground for post-conviction relief (although he did list two witnesses). Similarly, Form 40 questions

numbered 10, 11, 12, 13, 14, 15(e), 15(f) and 16 were completely unanswered.

On April 3, 1989, the following docket entry was made: "Entry of Appearance, Application for Change of Judge, Motion for Extension of Time and Motion for Evidentiary Hearing Filed." On April 6, 1989, the application for change of judge was granted, and on April 14, 1989, Judge Hall was assigned. On April 18, 1989, the motion court set the case for announcement on May 2, 1989, and "[d]efendant [was] ordered to be present in court on that date and at that time. Clerk shall notify attorneys." The docket sheet does not reflect that movant or his counsel appeared May 2, 1989; the docket entry on May 2, 1989, reads: "K. Barbour for State. Hearing on motion set for August 15, 1989 at 9:00 A.M." A docket entry on May 3, 1989, set aside the May 2 order, and movant's motion for evidentiary hearing was set for May 16, 1989, at 9 a.m. with the clerk ordered to notify attorneys of the order. On May 16, 1989, the State appeared but there was no appearance for movant. The motion court found that the 29.15 motion was incomplete, denied the movant's motion for evidentiary hearing, and the clerk was ordered to notify movant and movant's attorney of such order. On July 21, 1989, an entry of appearance was filed (although the docket sheet does not reflect who entered the appearance nor for whom the entry of appearance was made). On October 10, 1989, a proposed order was filed. On November 2, 1989, the motion court's findings of facts and conclusions of law were entered. Included in the motion court's findings and conclusions were the following:

13. The Court finds that in paragraph 8 of Form Motion 40, the Movant has alleged no grounds for vacating, setting aside or correcting his conviction and sentence.

14. In his 29.15 motion, the Movant makes no allegations and this Court finds that the files and records of the case conclusively show Movant is entitled to no relief and no hearing is necessary.

\* \* \* \* \* \*

17. The Court finds Movant posted bond during the pendency of his trial and thereafter posted Supersedeas Bond on Appeal ... and remained free on bond during the pending of the Appeal of his sentence ... and remains on bond at the time of this Order.

18. The Court notes the failure of counsel to amend pro se motion does not show lack of diligence by appointed counsel. Appointed counsel had sufficient time to satisfy his duty to ascertain whether the pro se motion had stated all plausible grounds for relief.

19. The Court finds that sufficient time has passed for appointed counsel, Scott Albers, to have satisfied his duty to ascertain the pro se motion stated all plausible grounds for relief. The Court finds that Peter M. Cohen, Assistant Public Defender, in a letter of July 24, 1989, addressed to the Court states in writing and confirms that appointed counsel Scott Albers advised the Court that no amendment would be filed to the pro se motion....

In the Notice of Appeal filed with this court, under "Brief description of case," the following is found: "MOVANT ALLEGED NO GROUNDS IN HIS PRO SE MOTION AND THE MOTION WAS NOT AMENDED BY COUNSEL, DUT [sic] TO *LACK OF INFORMATION FROM MOVANT.* (Emphasis added.)

■ In the sole point presented on appeal, movant claims error by the motion court in overruling the 29.15 motion without evidentiary hearing "or without appointment of counsel who would provide meaningful assistance to appellant because the proceedings in the motion court did not comply with the mandatory requirements of Rule 29.15(e) that counsel be appointed to represent movant, to ascertain all grounds that form a basis for attacking a movant's judgment and sentence and list facts in support thereof, and to file an amended motion which sufficiently alleges those grounds, in that although the court appointed counsel to represent appellant, counsel failed to amend appellant's inadequate *pro se* postconviction motion, thus causing the motion court to summarily

deny relief without granting an evidentiary hearing." As best this court can determine, movant is complaining that post-conviction counsel was inadequate without specifically saying so. Claims of ineffective post-conviction counsel are not cognizable in a Rule 29.15 proceeding. *Sloan v. State*, 779 S.W.2d 580, 583 (Mo. banc 1989). The Supreme Court of this state has long held a post-conviction proceeding cannot be used to challenge the effectiveness of counsel in the post-conviction proceeding, but is limited to the validity of movant's conviction and sentence. *Sloan v. State*, at 583; *Lingar v. State*, 766 S.W.2d 640, 641 (Mo. banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989). A post-conviction proceeding authorized by Supreme Court rules is directed to the validity of appellant's conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. *Applewhite v. State*, 769 S.W.2d 841, 842 (Mo.App.1989).

Movant cites several cases [3] which deal with failure of appointed counsel to amend a pro se motion and in which review of motion counsel's conduct was granted, when challenged. Those cases are limited to where the motion counsel did nothing to represent the movant, and the motion was summarily dismissed because of procedural shortcomings and without findings of fact and conclusions of law by the motion court. Such is not the case here. The motion court here did not summarily dismiss an unamended pro se motion. The record reflects an obvious attempt by the motion court to make movant and movant's court appointed counsel aware of the need for amendment of the pro se motion. Movant's appointed counsel was an experienced public defender who timely requested an evidentiary hearing, filed for a change of judge, and requested additional time in which to amend the motion. He did everything mandated by Rule 29.15 in a timely manner except amend the motion. This court has been told in the Notice of Appeal that the 29.15 motion was not amended because "of lack of information" from the movant. Movant does not attempt to refute that statement, but says counsel could have fulfilled his duty to amend movant's motion by "sending an investigator to appellant's residence and most importantly, by reviewing the trial record."

■ That argument ignores the real world of the public defender. The public defenders of this state have the responsibility for an enormous case load. Rule 29.15 does not mandate that public defenders file pretextual or frivolous amendments when the movant fails to advise his court appointed counsel of his claims. Here, movant was not incarcerated. Having posted bond and still having the benefit of the public defender's office, he was free to visit with his court appointed counsel from the time the pro se motion was filed March 24, 1989, until May 16, 1989, when the motion court finally denied the request for evidentiary hearing. The record shows that the court appointed counsel provided assistance to movant, to the extent that such counsel could, for example, by filing motions for evidentiary hearing, disqualifying the judge, and asking for additional time in which to amend. However, Rule 29.15(f) requires that "[a]ny amended motion *shall be verified* by movant and shall be filed within thirty days of the date counsel is appointed...." Movant's personal verified signature was clearly required. His lawyer's signature would not suffice. At the stage of the proceeding where amendment of the 29.15 motion had to be accomplished, movant's cooperation, assistance, information, and verified signature were essential.[4] The record reflects that he did not provide that information and assistance. Failure to amend a pro se motion does not itself constitute grounds for reversal. *Guyton v. State*, 752 S.W.2d 390, 392 (Mo.App.1988). There is no constitutional principle which

---

**3.** *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978); *Jones v. State*, 702 S.W.2d 557, 558–59 (Mo.App.1985); *McAlester v. State*, 658 S.W.2d 90, 92 (Mo.App.1983); *Pool v. State*, 634 S.W.2d 564 (Mo.App.1982).

**4.** Signature and verification of a Rule 29.15 motion is a jurisdictional prerequisite to the granting of relief under Rule 29.15. *Kilgore v. State*, 791 S.W.2d 393, 395 (Mo. banc 1990).

requires the presentation of a frivolous point on appeal, *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *State v. Norris, supra*, at 203, and analogically, there is no mandate in Rule 29.15 that a frivolous or pretextual amendment be made to a post-conviction motion by court appointed counsel where movant fails to provide his court appointed counsel with information to support his 29.15 claims.

This court does not find that the motion court's findings and conclusions are clearly erroneous. Accordingly, the judgment of the motion court is affirmed.

FLANIGAN, C.J., and HOGAN, J., concur.