**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Tommy Allen HANKINS,
Defendant–Appellant.**

**Tommy Allen HANKINS,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 16424, 17023.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 15, 1991.

---

Janet M. Thompson, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Presiding Judge.

Tommy Allen Hankins (defendant) was charged with and, following a jury trial, found guilty of two counts of first degree robbery, § 569.020,[1] and two counts of armed criminal action, § 571.015. After defendant was sentenced, he filed a direct appeal of his criminal case to this court and filed a motion for post-conviction relief, pursuant to Rule 29.15, in the trial court (the motion court). After evidentiary hearing, defendant's Rule 29.15 motion was overruled. Defendant then appealed the judgment overruling his Rule 29.15 motion. The appeals were consolidated. Rule 29.-15(*l*). The judgments in both cases are affirmed.

The evidence in the criminal case, as pertinent to the issues presented by this appeal, is stated in the light most favorable to the verdicts. The armed robberies of which defendant was convicted occurred at a Domino's Pizza store (the first robbery) and at a Kentucky Fried Chicken store (the second robbery).

The first robbery occurred November 9, 1987, after the Domino's Pizza store had closed. Two employees were leaving the store when defendant, armed with a gun and wearing a ski mask over his face, approached them, ordered them to lie on the ground, and searched their wallets. Defendant then ordered the two employees back into the store and demanded that they open the store's safe. The safe was opened. Defendant directed the store manager to take currency and change (both rolled and loose) from the safe and place it in a trash bag that was in the room where the safe was located. Defendant took the bag containing the money and left the store.

The second robbery occurred November 15, 1987. Defendant entered the Kentucky Fried Chicken store at closing time, carrying a gun and wearing a ski mask covering his face. He encountered the store manager and another employee inside the store. He ordered the manager to open the store's safe. The safe contained currency, rolled coins, and loose change. Defendant had the employee put the money from the safe into a black athletic bag. He then left taking the bag with him.

On November 17, 1987, a search warrant was executed at a Springfield, Missouri, residence. Defendant was present at the residence when police arrived with the

1. References to statutes are to RSMo 1986.

search warrant. He answered the door. When he saw the police officers, defendant turned and ran through the house. The police officers pursued and apprehended defendant. He was arrested at that time. The police officers executed the search warrant. Items were seized pursuant to the search warrant. Defendant later gave tape-recorded oral statements in which he admitted committing the robberies. Thereafter, he filed a motion to suppress the statements. That motion was denied following an evidentiary hearing. The statements were admitted into evidence at the criminal trial.

Defendant presents two points on appeal. The first point is directed to the criminal case; the second to the denial of the Rule 29.15 motion.

■ By his first point on appeal, defendant alleges that the trial court erred in denying his motion to suppress the tape-recorded oral statements and in admitting those statements into evidence at trial. Defendant contends that the statements were not voluntarily made "in that [defendant's] statements to the police were the product of physical coercion as Officer Dana Carrington, who conducted [defendant's] interrogation, hit [defendant] in the face, physically injuring [defendant] and placing him in fear," resulting in defendant being coerced into making statements implicating him in the robberies.

Defendant did not object to the admission of the tape-recorded statements at the time they were offered in evidence. Defendant did not include any complaint in his motion for new trial that the statements he made were the product of physical coercion. "Assignments of error regarding admissibility of evidence are not for consideration on appeal unless timely presented to the trial court when the evidence is offered." *State v. Franklin,* 760 S.W.2d 937, 941 (Mo.App.1988). "The rule that where a defendant fails to make known to the trial court his objection so that he might obtain relief and where he fails to call the alleged error to the attention of the trial court in his motion for new trial, he cannot, with few exceptions, raise it for the

first time on appeal, is solidly anchored in this state." *State v. Ross,* 554 S.W.2d 522, 523 (Mo.App.1977). *See also* Rule 29.11(d). The "few exceptions" set forth in Rule 29.11(d) do not apply in this case. Defendant's first point is denied.

■ Defendant, in his second point on appeal, alleges that the motion court erred in denying his Rule 29.15 motion. He claims that his post-conviction counsel provided ineffective assistance because the post-conviction counsel failed to amend the Rule 29.15 motion to raise a claim of ineffective assistance of trial counsel. Defendant acknowledges that *State v. Lingar,* 766 S.W.2d 640 (Mo. banc), *cert. denied,* — U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989), held that an appellant had no right to challenge the effectiveness of his assistance of post-conviction counsel in the direct appeal of a post-conviction motion. Defendant argues, however, that, by requiring claims of ineffective assistance of trial counsel to be raised in motions for post-conviction relief, the Supreme Court in *State v. Wheat,* 775 S.W.2d 155 (Mo. banc 1989), "in effect" overruled its holding in *State v. Lingar.* Notwithstanding defendant's claim, the Supreme Court did not proclaim that *Wheat* overruled *Lingar.* This court is required to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const. art. V, § 2; *Kunkel v. State,* 775 S.W.2d 579, 580 (Mo.App.1989). As was recently enunciated in *State v. Surratt,* 796 S.W.2d 131, 137 (Mo.App.1990):

> Claims of ineffective post-conviction counsel are not cognizable in a Rule 29.-15 proceeding. *Sloan v. State,* 779 S.W.2d 580, 583 (Mo. banc 1989). The Supreme Court of this state has long held a post-conviction proceeding cannot be used to challenge the effectiveness of counsel in the post-conviction proceeding, but is limited to the validity of movant's conviction and sentence. *Sloan v. State,* at 583; *Lingar v. State,* 766 S.W.2d 640, 641 (Mo. banc 1989), *cert. denied,* — U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989). A post-conviction proceeding authorized by Supreme Court rules is di-

rected to the validity of appellant's conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. *Applewhite v. State*, 769 S.W.2d 841, 842 (Mo.App.1989). Defendant's second point is denied.

The judgments of conviction and sentences in Case No. 16424 are affirmed. The judgment overruling the Rule 29.15 motion in Case No. 17023 is affirmed.

FLANIGAN, C.J., and HOGAN, J., concur.