**STATE of Missouri, Respondent,**

v.

**Barry Michael HENDRIX, Appellant.**

**No. WD 33156.**

Missouri Court of Appeals,
Western District.

Dec. 14, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 1, 1983.

Application to Transfer Denied March 29, 1983.

Michael W. Manners, Independence, for appellant.

John Ashcroft, Atty. Gen., Kristie L. Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and PRITCH-ARD and DIXON, JJ.

SHANGLER, Presiding Judge.

The defendant Hendrix was convicted by a jury of robbery in the first degree [§ 569.020] and sentenced to a term of twenty years. The appeal concerns contentions of jury selection, trial discipline and final argument, so a narrative of the evidence is not necessary to decision.

In the course of juror qualification, the defense counsel posed the question: "[A]re any of you so pressed for time that it may preclude you from giving due deliberation to this case?" To that, one member of the venire inquired: "How much time are you looking at? . . . That makes a lot of difference." The venire was informed, first by defense counsel and then by the court, that the trial would take that day and part of the next. The response satisfied that venireman. Other members of the jury panel indicated a response to the initial defense counsel question: Baker, Skivers, Poe, Fortner, Tolly, Huffman, Eisel, Albrecht and Walters. The defense counsel probed no further. Two members of the venire volunteered articulated responses. Fortner explained that he was "half moved" from one

residence to another, and "if it's a long drawn out affair, I would like to get off this." The court commented: "I'm going to say at this time this case will not take in excess of maybe today and a couple of hours tomorrow." Fortner showed no further concern. The other articulation was from venirewoman Albrecht. Her back was wrenched, and she was not sure whether she could "sit for long in one spot to be honest with you." The defense counsel gave the subject no further attention.

The voir dire proceeded to conclusion. In the conference in chambers, defense counsel challenged for cause venire members Skivers, Ortabals, Armstrong, Albrecht and Baker on the assertion that each indicated the pressure of time would preclude their due deliberation to the case. We note at outset that venire member Ortabals was not among those who indicated [presumably by raised hand] any concern about the length of trial. Of the other four, Armstrong, Skivers and Baker remained tacit to the explanation of the court that the trial would extend no more than into the next day, and so were deemed satisfied. The concern of venirewoman Albrecht was not as to the length of the trial as such, but for her personal comfort. In fact, *none* of the venire members the defendant sought to disqualify for cause [other than Albrecht] gave any sign other than by hand, made any inquiry, or spoke any response—and Albrecht had a concern other than that posed by the question of defense counsel.

■■■ The sense of the contention the defendant asserts is that the responses of the venire members were equivocal—in which circumstance, the trial court owed a duty of independent examination to determine whether the true state of mind of the venire members would disclose that, if chosen to serve as jurors, the press of time would impede deliberation of guilt or innocence. A criminal defendant is entitled to a full panel of qualified venire members before the peremptory challenges. *State v. Reynolds,* 619 S.W.2d 741, 749[6, 7] (Mo.

1981). To qualify as a juror, the venire member must be able to enter upon that service with an open mind, free from bias or prejudice. *State v. Pride,* 567 S.W.2d 426, 432[11] (Mo.App.1978). The burden is on the defendant to probe the venire for any ground of disqualification. *State v. Cheesebrew,* 575 S.W.2d 218, 222[4, 5] (Mo.App.1978). Where a member of the venire gives an equivocal or otherwise uncertain answer of an ability to hear the evidence and adjudge the cause without bias or prejudice, *then* the duty of the trial judge to make independent inquiry of qualification arises. *State v. Ealy,* 624 S.W.2d 490, 493[10–12] (Mo.App.1981). The question of counsel, even if understood as an indirect probe for prejudice, elicited no further response after the assurance by the court [fulfilled by events] that the trial would not last beyond part of the next day. The concern of the venire member Albrecht was not due to a "press of time"—so as to present the hazard of a verdict reached with undue haste, as the defendant proposes—but to a physical ailment. There was no hint of prejudice in her response. The duty of further inquiry was on the defendant. That the Albrecht response, without more definitive examination, suggests a juror distracted by physical discomfort, poses only a remote possibility of prejudice and does not override the presumptive validity of the trial court decision to seat that venire member. *State v. Owens,* 620 S.W.2d 448, 450 (Mo.App.1981). The point is denied.

■■■ The defendant contends next that the court restricted unduly the participation of counsel in the defense of the cause. The defendant was represented by two lawyers at the trial. The precise complaint is that the court would permit only one of the two counsel to participate in any cross-examination. The right of an accused to be represented by counsel, of course, is a guarantee of the law of the land. It is also an incident of the due process of law ensured by our state organic law. Mo.Const. Art. I,

§ 10 (1945); *Magerstadt v. LaForge,* 303 S.W.2d 130, 133[3] (Mo.1957). A defendant may engage the representation of more than one counsel, if means allow. *State ex rel. Snip v. Thatch,* 355 Mo. 75, 195 S.W.2d 106, 108[5, 6] (1946). The control of the trial of the case rests with the court, and the conduct of counsel is subject to that authority and discretion. 75 Am.Jur.2d, Trial, § 192 (1974). A court does not have discretion, however, to interfere with the trial tactics of counsel, nor otherwise restrict the function of advocacy fairly and ethically practiced. *Mavrakos v. Mavrakos Candy Co.,* 359 Mo. 649, 223 S.W.2d 383, 388[11–13] (1949). Thus, while a court may restrict a party to one lawyer to cross-examine a witness [*Thompson v. Curators of University of Missouri,* 488 S.W.2d 617, 620[5–6] (Mo.1973) ], to restrict the cross-examination of every witness to the same lawyer, where the defendant enjoys representation by multiple counsel, unreasonably interferes with the right of counsel to govern tactics and strategy. *Parker v. Wallace,* 473 S.W.2d 767, 771[2–5] (Mo.App. 1971).

The defendant was represented at the trial by Messrs. Welch and Martin. He contends to us that the trial court ordered that only one of the counsel would be allowed to cross-examine the prosecution witnesses, and so unlawfully hampered the exercise of the right to counsel. The abuse the defendant cites against the trial court, if shown, constitutes error. The record, however, presents only an ambiguous episode, and not the defined trial action the defendant asserts as judicial error. The entire transcription recites these events:

THE COURT: Come up here.

(A DISCUSSION IS HAD AT THE BENCH, BETWEEN COURT AND COUNSEL, OUT OF THE HEARING OF THE JURY AND THE REPORTER.)

MR. WELCH: I would like to make a record. We do object to that as long as we are not taking on the same witness.

THE COURT: Make a record on it.

(THE FOLLOWING FURTHER PROCEEDINGS ARE HAD AT THE BENCH, OUT OF THE HEARING OF THE JURY, TO–WIT:)

MR. WELCH: At this point in time, *the Court has instructed Mr. Martin and myself that only one of us can try the matter, that we cannot have joint participation,* and the objection is that the defense feels that Mr. Welch could cross examine one witness and Mr. Martin another witness and as long as we don't cross examine the same witness, there would be no prejudice to the State if that occurred. *The Court's instruction was that he would not let us both cut in and I agree that would be improper.* But for one of us to handle one witness, we do not feel is improper; that the defendant would be represented by counsel of his own choosing accordingly. [emphasis added]

THE COURT: Very well.

■ The actual order of the court is not shown in the record. It comes to us in the paraphrase of counsel, and that restatement leaves us in doubt. The transcribed excerpt records the instructions of the court to be: "only one of [the counsel] can try the matter, we cannot have joint participation," and "he [the court] would not let us both cut in." Counsel concede that the latter instruction [whatever the sense intended] was proper. The first instruction "only one of [the counsel] can try the matter" the defendant construes to impose the undue restriction that only one counsel may cross-examine the witnesses. There is nothing other than the insinuation of defendant for that surmise. We assume the objection of counsel faithfully iterates the comment of the court. There is no indication, however, whether that antecedent action was an actual order, or merely a hortation. Nor— even if the court meant its comment to convey the sense defendant now attributes—do we assume that the recorded response of the court, "Very well," shows other than a disposition of the court to

correct any arbitrary aspect of the instructions disclosed by the objection. We will not presume an error by the trial court the record does not affirmatively show. *Fiorella v. Jones,* 259 S.W. 782, 785[4] (Mo.1924).

The final point contends that the argument of the prosecutor was prejudicial. The evidence was that the defendant, armed with a shotgun, committed the robbery in a state of drug and alcohol intoxication. The prosecutor argued to the jury:

> What happens the next time he gets drugged up, gets a skin full of dope and gets around with some people—they all run in the same crowd—and somebody says, "Hey, let's go knock over another gas station." What's going to happen, what's going to keep him from blowing somebody out of his socks the next time? The next time.

The defendant contends that these allusions were calculated to engender the jury to a personal hostility against him and an inflammatory atmosphere for deliberation, and so foreclosed an impartial verdict on the evidence. The defendant cites *State v. Heinrich,* 492 S.W.2d 109 (Mo.App.1973), among other cases to support that thesis of prejudice. The prosecutorial argument went without objection by the defendant. Our review, therefore, is confined to plain error. Rule 30.20. The precedents hold that a defendant bears a heavy burden to show manifest injustice from such conduct, since a statement made in argument "will rarely affect the substantial rights of a defendant so as to result in plain error." *State v. Brown,* 528 S.W.2d 503, 505[2] (Mo. App.1975); *State v. Mayfield,* 562 S.W.2d 404, 412[12] (Mo.App.1978). We add that the neglect to make a timely objection to offensive argument deprives the trial court of an opportunity to correct the impropriety with immediacy, and so with efficiency. To defer the assertion of the error until appellate review not only resorts to a tardy, and so less efficient, remedy, but also involves the most drastic of all redress—a new trial.

For that reason also the defendant who seeks relief under the plain error rule carries the burden to show that the irregularity infringed a substantial right and resulted in manifest injustice. We find none here.

The judgment is affirmed.

All concur.