**STATE of Missouri, Respondent,**

v.

**Larry WHEAT, Appellant.**

**No. 71170.**

Supreme Court of Missouri,
En Banc.

Aug. 21, 1989.

Rehearing Denied Sept. 8, 1989.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Larry Wheat, convicted of sexual abuse in the first and second degree, was sentenced as a prior offender to five years' and one year imprisonment, respectively, for the offenses charged. His criminal conduct involved molesting two sisters, aged eleven and thirteen, who lived in a trailer home a short distance from defendant. They testified that defendant entered the bedroom where they had been sleeping and fondled their private parts, and though defendant admitted having been in the children's room, he claimed he was watching over them while their father was at work on night shift employment. Both girls had known Wheat for several years.

■ On appeal, defendant first complains trial counsel was ineffective for having called two deputy sheriffs who, on direct examination, testified that defendant was guilty of other acts of misconduct toward the girls, including threatening one of them with a knife. Defendant contends that in the initial phase of the trial, the defense was predicated on a strategy of showing the trial testimony of the complaining witnesses was unreliable because of inconsistencies as against their prior extrajudicial statements. Though some favorable testimony was elicited, on balance the deputies' testimony was somewhat hurtful. Defendant says he was ill-served by his attorney's performance and for this reason alone should receive a new trial.

Sentenced on January 19, 1988, defendant is subject to Supreme Court Rule 29.-15, which replaced prior Rule 27.26 governing such postconviction relief proceedings. In the case at bar, the dispositive features of the rule include the following:

A person convicted of a felony[,] after trial[,] claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States ... may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15.

Rule 29.15(a). Further, the subsection provides with specificity that "[t]his Rule 29.15 provides the *exclusive procedure* by which such person may seek relief in the sentencing court for the claims enumerated (emphasis added)."

It is also provided with unmistakable clarity that if a conviction is appealed, a motion under the rule shall be filed within thirty days after filing of the transcript on appeal:

> A person seeking relief pursuant to this Rule 29.15 *shall file a motion to vacate* ... the judgment ... substantially in the form of Criminal Procedure Form 40. If an appeal of the judgment sought to be vacated ... was taken, the motion *shall be filed* within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04. If no appeal of such judgment was taken, the motion *shall be filed* within ninety days of the date the person is delivered to the custody of the department of corrections.

Rule 29.15(b) (emphasis added). This subsection ends with the following mandatory condition:

> Failure to file a motion within the time provided by this Rule 29.15 *shall constitute a complete waiver* of any right to proceed under this Rule 29.15.

(Emphasis added.) There is no dispute that appellant, though cautioned by the trial judge as to the availability of the postconviction proceeding, allowed the time to expire and has not filed a motion under Rule 29.15. Hence, for the reasons discussed herein the right to raise the claim of ineffective assistance of trial counsel in a 29.15 proceeding was waived.

The appeal was taken to the Missouri Court of Appeals, Western District, where the judgment was affirmed. We granted transfer to determine the extent to which such claim may be determined on direct appeal in light of the repeal of former Rule 27.26 and the adoption of new Rule 29.15. Determining the cause as on original appeal, Mo. Const. art. V, § 10, we affirm and

in so doing draw on portions of the well-reasoned opinion of Judge Clark.

Defendant concedes that he has failed to file a motion to vacate in the trial court under Rule 29.15, and he recognizes the nominal effect of this failure. He argues, however, under old Rule 27.26 appellate courts had consented in cases of direct appeal to review postconviction claims of ineffective assistance of trial counsel where a record in the trial court was sufficient to permit appellate review, citing, for example, *State v. Settle*, 670 S.W.2d 7 (Mo. App.1984), a case in which ineffective assistance of counsel was reviewed on direct appeal.

The former Rule 27.26, in effect when *Settle* and similar cases were decided,[1] was markedly different from Rule 29.15, particularly in the lack of time constraints for filing the motion to vacate. By raising a claim of ineffective assistance of counsel for the first time on direct appeal, a defendant subject to Rule 27.26 ran quite a different risk of waiving his ultimate right to present his claim. The appellate court too faced quite a different question when determining whether the claim should be considered on direct appeal. The court typically would determine if the record was adequate or whether to require the defendant to return to the trial court with a motion and the opportunity to present further evidence. Those options are replaced by significantly different procedures and new standards for postconviction proceedings.

Under the explicit language of the new rule, the scheme fashioned there provides the *"exclusive procedure"* by which a person may seek relief in the sentencing court, and as noted above, failure to file such motion constitutes a complete waiver of the right. Not only are defendants given clear notice of these procedures by the rule, but here defendant was personally cautioned by the trial judge as to the consequences if he failed to preserve his right. From this it necessarily follows that claims for relief cognizable under the rule may not be considered when presented for the first time

---

1. *E.g., State v. Turner*, 623 S.W.2d 4, 11 n. 9 (Mo. banc 1981); *State v. Lumsden*, 589 S.W.2d 226, 231 (Mo. banc 1979); *State v. Phillips*, 460 S.W.2d 567, 569 (Mo.1970).

on appeal; this proposition flows from the plain language of Rule 29.15. Defendant's contention is denied.

The next point centers on the qualifications of venireman Kaver. In the course of voir dire, Kaver stated that he was employed by the Missouri Department of Corrections and for nearly twenty years served in various positions as a correctional officer, classification assistant, counselor, caseworker and unit manager. He expressed concern about serving as a juror because if the defendant were convicted, it was possible that he might be confined in an institution where Kaver was assigned to work, which might present an unfortunate confrontation and possible brouhaha in his employment. He was apprehensive about the possibility of such encounter if he served on a jury which convicted defendant and later found himself with supervisional responsibility over defendant in a state institution. When questioned about his ability to sit on the jury and decide the case fairly and impartially based on the facts, Kaver answered, "I am sure I could." Defendant first challenged Kaver for cause and later exercised a peremptory strike to excuse this venireman.

■ A criminal defendant is entitled to a full panel of qualified jurors before he is required to expend his peremptory challenges; denial of a legitimate request to excuse for cause a partial or prejudiced venireman constitutes reversible error. *State v. Johnson*, 722 S.W.2d 62, 65 (Mo. banc 1986). To qualify as a juror, the venireman must be able to enter upon that service with an open mind, free from bias and prejudice. *State v. Hendrix*, 646 S.W.2d 830, 832 (Mo.App.1982). Determination of a potential juror's qualifications remains within the broad discretion of the trial court after consideration of relevant voir dire in its entirety. *State v. Lingar*, 726 S.W.2d 728, 733 (Mo. banc 1987), *cert. denied*, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987); *Johnson*, 722 S.W.2d at 65. The trial court's duty to make an independent inquiry arises only when a venireman equivocates about his ability to be fair and impartial. *Hendrix*, 646 S.W.2d at

832. Mindful of the trial court's unique opportunity to observe the venireman during voir dire, an appellate court will not disturb a ruling on a challenge for cause unless it constitutes a clear abuse of discretion and a real probability of injury to the complaining party. *State v. Hill*, 714 S.W.2d 687, 689 (Mo.App.1986); *see also Lingar*, 726 S.W.2d at 733.

■ The record of venireman Kaver's responses to questioning demonstrates no equivocation. He stated that he would have no problems deciding the case or in following the court's instructions and he could act as a juror with fairness and impartiality. The responses created no need for the court to initiate independent inquiry, as defendant suggests. Moreover, the unusual situation here presents no real probability of any prejudice to defendant. If Kaver were disposed to have any hesitancy about the result in the case, notwithstanding his declarations otherwise, his inclination based on self interest would have been to acquit and thereby avoid facing appellant in a state institution. As the trial court did not err in overruling the challenge to venireman Kaver, the point is denied.

Affirmed.

WELLIVER, ROBERTSON, HIGGINS, BILLINGS, JJ., and DOWD, Special Judge, concur.

BLACKMAR, C.J., dissents in separate opinion filed.

COVINGTON, J., not sitting.

BLACKMAR, Chief Justice, dissenting.

Our case law prior to the adoption of Rule 29.15 would allow claims of ineffective assistance of counsel to be presented on appeal from the judgment of conviction if these claims could be disposed of on the record on appeal. An illustrative case is *State v. Harvey*, 692 S.W.2d 290 (Mo. banc 1985), in which the defendant's appointed counsel, miffed at the denial of a continuance, simply declined to participate further in the trial. We reversed on initial appeal.

*See also State v. Mitchell,* 620 S.W.2d 347 (Mo. banc 1981); *State v. Koetting,* 691 S.W.2d 328 (Mo.App.1985); *State v. Settle,* 670 S.W.2d 7 (Mo.App.1984).

In most cases, of course, the claims of ineffectiveness cannot be ruled on the record in the initial appeal. Sometimes trial counsel handles the initial appeal and cannot be expected to argue his or her own ineffectiveness; sometimes the claim requires the presentation of additional evidence. So, in the past, we have often forestalled ruling on claims of ineffectiveness by holding that they were not ripe for presentation on initial appeal and could only be asserted on proceedings under former Rule 27.26.

Rule 29.15, and its companion, Rule 24.035, serve the salutary purpose of encouraging convicted defendants to present their post-conviction claims in a timely manner. Thus the indefinite time limits of Rule 27.26 are no longer available. We should have no more cases in which a defendant claiming ineffective assistance on initial appeal is told that he must resort to an available postconviction remedy. In substantially all cases, the time for proceeding under Rule 29.15 will be long gone by the time the initial appeal is decided, and so a defendant who foregoes the procedures of that rule takes a risk of waiver.

But I cannot find a word, phrase or line in Rule 29.15 which says that it was intended to limit the scope of the points which could be presented on direct appeal. I certainly did not perceive any such restriction when I voted in favor of the adoption of that rule. The rule does not mention "ineffective assistance of counsel" at any point. The segment of the rule relied on in the principal opinion relates to claims that "the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States...." Surely the principal opinion does not intend to hold that all state or federal constitutional points touching the propriety of the conviction may only be presented through the medium of Rule 29.15. Does the opinion purport to hold that claims such as unlawful search and seizure, double jeopardy,

absence of Miranda warnings, and the like, properly preserved on the record, may not be raised on initial appeal but only under Rule 29.15? Surely not! Then how can there be any preclusion of a sixth amendment claim of ineffective assistance of counsel, if the claim can be determined on the face of the record? I cannot agree that the rule supports the conclusion of the principal opinion with "unmistakable clarity" or that the court of appeals opinion is well reasoned. I submit that the Court must give attention to the point raised, to determine whether the record on appeal provides an adequate basis for decision. The answer in the great majority of cases will undoubtedly be "no," but the Court must nevertheless reach and rule the point.

There is also a problem of changing the rules in the middle of the game. This defendant might well have understood from the prior case law that his point could be presented on direct appeal, so that a 29.15 proceeding was unnecessary. I cannot find that he was warned, after the trial, that the scope of the direct appeal had been narrowed. To deny consideration of a point previously available smacks of denial of due process.

I write at some length because I am not sure that prosecutors, trial judges and some appellate judges fully understand the problem presented by constitutional claims which are not disposed of on the merits. Our convictions are not final. They have been subject to a panoply of postconviction remedies, in both state and federal courts. The best answer to a belated claim of constitutional infirmity is to show that there has been a full and fair determination of the merits in the state system.

Yet we see the following: (1) disposition of postconviction proceedings on the basis of the pleadings or the trial record, without a hearing; (2) restriction of the right to amend pleadings for postconviction relief; (3) appellate disposition on procedural grounds, sanctioning the failure to rule the merits; and (4) barring, under Rule 29.15, of successive motions which meet the limited specifications to such motions under 27.26. I applaud the effort of Rules 24.035

and 29.15 to limit the time for the institution of postconviction claims, but they were not intended to preclude other procedures which, under past practice, were not barred by failure to resort to 27.26. There should be careful study of these rules in operation to see whether some amendment may be necessary.

If the state courts do not provide a forum for the determination of postconviction claims, the federal courts will, in proceedings under 28 U.S.C. Sec. 2254. The basic responsibility is that of the state. I do not want the courts of another sovereignty to make factual or procedural determinations which should be the responsibility of our courts.

The problem in the present case is not want of hearing but rather denial of review of a claim apparently properly presented on appeal. I believe that this Court should rule the claim. It is the kind of claim which could be ruled on the merits, because it is based on the assertion that the defendant's counsel called a witness who was in possession of some information which was beneficial to the defendant but also of some damaging information, and then allowed that witness and another witness to testify to irrelevant and immaterial damaging matters without making objections. No further record would be required to rule this claim and to decide whether counsel was unconstitutionally ineffective. The decision would require an analysis of the entire record to determine whether the omissions were substantially prejudicial, considering the strength of the prosecution's case and the magnitude of counsel's mistake. Because the Court does not make this determination I shall refrain from doing so, leaving the defendant to such other remedies as he and his counsel might devise.

The defendant's Point II should be ruled on the merits.