**Mark Stephen McCABE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57366.

Missouri Court of Appeals,
Eastern District,
Division One.

July 17, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of a Rule 29.-15 motion without an evidentiary hearing. We affirm.

Movant was sentenced as a persistent offender to a term of fifteen years' imprisonment on one count of second-degree burglary, a consecutive term of fifteen years' imprisonment on another count of second-degree burglary, a concurrent term of one-year imprisonment for stealing under $150, a concurrent term of fifteen years' imprisonment for stealing over $150, and a one dollar fine. His conviction and sentence were affirmed on appeal in *State v. McCabe,* 708 S.W.2d 288 (Mo.App.1986).

On March 18, 1988, movant filed a *pro se* Rule 29.15 motion. That same day the Office of the Public Defender was appointed to represent movant. His public defender filed an untimely, unverified amended Rule 29.15 motion on July 11, 1988. Thus, only movant's *pro se* motion was before the court for hearing. All of movant's allegations in his *pro se* motion had been previously determined on direct appeal. The motion court denied movant's motion. Movant appeals.

Movant contends he received ineffective assistance from his post-conviction counsel because counsel failed to file a timely, verified amended motion stating facts which entitled him to an evidentiary hearing. He claims he is entitled to an evidentiary hearing under authority of *State v. Wheat,* 775 S.W.2d 155 (Mo. banc 1989), and *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). We disagree.

In *Wheat,* 775 S.W.2d at 155, the supreme court found that defendant had waived his right to raise an ineffective assistance of trial counsel claim because he failed to file the motion within thirty days after the filing of the trial transcript on appeal in accordance with Rule 29.15(b). *Wheat,* 775 S.W.2d at 157[1].

In *Evitts,* 105 S.Ct. at 830, the petitioner brought a writ of habeas corpus seeking relief following the dismissal of his appeal from his conviction. Petitioner challenged the dismissal of his appeal because his lawyer failed to file the statement of appeal. The supreme court held that a criminal defendant is entitled to effective assistance of counsel on first appeal as of right.

Movant contends that because Rule 29.-15(b) requires post-conviction motions to be filed within thirty days after the filing of

the transcript on appeal, the motion effectively becomes a first appeal as of right subject to effective assistance of counsel under *Evitts*. We disagree.

Movant's contention has previously been argued and rejected. In *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the supreme court stated that prisoners have never held a constitutional right to counsel when mounting collateral attacks to their convictions. *Id.* 107 S.Ct. at 1993. The right to appointed counsel extends to the first appeal as of right, and no further. *Id.* In Missouri, a post-conviction proceeding authorized by the rules of this court is directed to the validity of movant's conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. *Lingar v. State*, 766 S.W.2d 640, 641[2] (Mo. App.1989).

For the above-stated reasons, we reject movant's contention that the time limitations established by Rule 29.15 bring movant's post-conviction motion under the guise of *Evitts*.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.