STATE of Missouri,
Plaintiff–Respondent,

v.

Larry SMITH, Defendant–Appellant.

Larry SMITH, Petitioner–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

Nos. 56064, 58128.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 26, 1991.

Henry B. Robertson, Melinda K. Pendegraph, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANE, Judge.

A jury convicted Larry Smith of one count of first degree murder, § 565.020 RSMo 1986, and one count of armed criminal action, § 571.015 RSMo 1986. The trial court sentenced him to life imprisonment without parole on the murder count and to ten years imprisonment on the armed criminal action charge, the sentences to be served consecutively. Smith, acting pro se, timely filed a verified motion for post-conviction relief pursuant to Rule 29.15. His appointed counsel subsequently filed an unverified amended motion. The motion court, after a hearing, overruled and dismissed the amended motion on the merits. Smith now appeals both the judgment of the trial court and the order of the motion court.

■■■ For his direct appeal Smith first argues that the trial court committed prejudicial error in giving Instruction No. 6, the verdict director for first degree murder, by requiring the jury to find that Smith "or another" committed the first three elements. He further argues that the error in this instruction tainted the verdict director for armed criminal action, Instruction No. 8, because it was premised on a finding of murder as submitted by Instruction No. 6. We may only consider these allegations of error under the plain error doctrine because no objections were made to these instructions at trial and they were not included in Smith's motion for new trial. Rule 30.20. The giving of jury instructions does not result in plain error unless the court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice. *State v. Murphy*, 592 S.W.2d 727, 733 (Mo. banc 1979); *State v. Thompson*, 781 S.W.2d 247, 248 (Mo. App.1989).

Instruction No. 6, based on MAI–CR3d 313.02 as modified by MAI–CR3d 304.04, reads as follows:

INSTRUCTION NO. 6

As to Count I, if you find and believe *from the evidence beyond a reasonable* doubt:

First, that on May 6, 1987, in the City of St. Louis, State of Missouri, the defendant or another person caused the death of Ardell Harris by shooting him, and

Second, that it was the defendant's or another persons [sic] purpose to cause the death of Ardell Harris, and

Third, that defendant or another person did so after deliberation, which means cool reflection upon the matter for any length of time no matter how brief,

then you are instructed that the offense of murder in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of that murder in the first degree, the defendant acted together with or aided or encouraged another person in causing the death of Ardell Harris and he did so after deliberation which means cool reflection upon the matter for any length of time no matter how brief,

then you will find the defendant guilty under Count I of murder in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count I of murder in the first degree, you will return a verdict finding him guilty of murder in the first degree.

Smith argues that the giving of this accomplice liability instruction was error because there was no evidence that "another person" shot the victim. We disagree.

■■ Notes on Use 7(c) to MAI–CR3d 304.04 provides that, where the evidence is

not clear whether the defendant acted alone or had an accomplice, the verdict director should "ascribe the elements of the offense to the defendant *or* another person or persons." Thus, if the evidence is unclear as to whether another person committed the acts, the disjunctive use is proper because it allows the jury to find that either person committed the act and to also consider evidence that is unclear. *See State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

■ Instructions must be based on substantial evidence and reasonable inferences. *State v. Beatty*, 617 S.W.2d 87, 91 (Mo.App.1981). There was substantial evidence to raise a question whether Smith acted with another, Ricky Harris, in committing the murder. Specifically, the evidence relating to the accomplice discloses that, after Smith was threatened by the murder victim, Harris said to Smith, "You are not going to let him get away with that." Smith answered, "We'll take care of that another time." Later, Smith and Harris were sitting in a car while preparing to commit a burglary. Each had a .38 caliber weapon. Smith saw the victim come out of a house. Smith and Harris got down between two parked cars and both shot the victim as he walked to a parking lot and again after he was down. Upon hearing the police coming, Smith ran to the car, tossed his pistol to Harris, and drove off. Harris ran to his house with both pistols. As he drove away from the scene Smith was stopped by police. When the arresting officer asked Smith whose car he was driving, Smith told him it belonged to someone called Ricky but that he did not know Ricky's last name or address. At the homicide office, Smith said that the car belonged to Ricky Harris. While Smith was being held in the city jail, he told an inmate the details of how he and Ricky Harris killed the victim.

■ Smith contends that much of the testimony of Harris's role in the murder was incredible because it came from an inmate informant and therefore the testimony should not support the giving of instruction. Smith argues that the informant had a motive to lie because the prose-

cutor agreed to write a letter outlining the informant's cooperation to be used at his parole hearing. An informant is a competent witness. Promises of leniency or of assistance go to the weight of an informant's testimony, not to its admissibility. *See State v. Harper*, 713 S.W.2d 7, 10 (Mo.App.1986). The trial court's instruction allowing the jury to find that defendant "or another person" engaged in the conduct was supported by the evidence.

■ Smith also contends that the verdict director was overly broad because it referred to "another person" and did not specifically name Ricky Harris as the accomplice. He argues that the failure to name Harris was prejudicial because it allowed the jury to speculate about matters not in evidence and to convict Smith on their suspicions rather than on the evidence. Notes on Use 7(c) does not indicate that an accomplice must be named in the situation where it is unclear whether defendant had an accomplice. All that is required is for the jury to find that defendant *or* another person committed the relevant acts. Furthermore, Notes on Use 7 ends with the following: "NOTE: Any variation in ascribing the elements of an offense to the defendant or to the other person or persons ... shall not be deemed reversible error in the absence of prejudice." We do not agree that the failure to name the accomplice allowed the jury to convict the defendant on guesswork or speculation. There was no manifest injustice caused by the use of the words "or another person or persons" in the verdict directing instruction. Point I is denied.

■ For his second point Smith claims that the trial court erred in giving MAI–CR3d 302.04 which defines proof beyond a reasonable doubt as proof that leaves the jury "firmly convinced" of the defendant's guilt. He claims that this definition dilutes the burden of proof. The MAI–CR3d approved instructions are mandatory and we are prohibited from declaring that an instruction so adopted by the Supreme Court is erroneous. *State v. Franklin*, 752 S.W.2d 937, 939 (Mo.App.1988); Rule 28.-02(c). Smith's position has been thoroughly and repeatedly addressed and rejected by our Supreme Court. *State v. Murray*,

744 S.W.2d 762, 771 (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988); *State v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). The second point has no merit and is denied. *State v. Weems*, 800 S.W.2d 54, 58 (Mo.App.1990).

█ For his third point Smith claims denial of his right to effective assistance of counsel. He urges us to consider this point as part of his direct appeal. Such a claim cannot be made on direct appeal. The exclusive procedure to challenge the effectiveness of assistance of counsel is by way of a motion filed under Rule 29.15. *State v. Wheat*, 775 S.W.2d 155, 157–58 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990).

█ Alternatively, Smith requests that we consider this point as his sole point on appeal from the trial court's denial of relief under Rule 29.15. Smith filed a verified pro se motion which alleged ineffective assistance of counsel on four grounds, but none of these grounds are the grounds raised in this point in his brief. Accordingly, Smith waived all grounds not asserted in his properly verified 29.15 motion. Rule 29.15(d); *Kelly v. State*, 784 S.W.2d 270, 273 (Mo.App.1989). Two of the grounds raised on this appeal were raised in his unverified amended motion. However, his unverified amended motion was a nullity which failed to invoke the jurisdiction of the trial court even though the trial court granted a hearing thereon and entered its findings, conclusion and order. *Malone v. State*, 798 S.W.2d 149, 151 (Mo. banc 1990). Since none of the grounds raised in Point III were raised in a verified post-conviction relief motion, they cannot be reviewed on appeal from the order overruling that motion. Point III is denied.

The judgment of the trial court and order of the motion court are affirmed.

REINHARD, P.J., and STEPHAN, J. concur.