**STATE of Missouri, Respondent,**

v.

**Brian K. DUNLAP, Appellant.**

**No. 58755.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1991.

Stephan J. Harris, Columbia, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Brian K. Dunlap, was charged with tampering in the first degree, a class C felony, § 569.080 RSMo 1986, and with burglary in the second degree, a class C felony, § 569.170 RSMo 1986. The jury found defendant guilty of tampering, and not guilty of burglary. The court sentenced defendant as a prior offender to a term of three years imprisonment.

Defendant appeals claiming: (1) the court erred in overruling defendant's challenges for cause of venirepersons Guthrie and Brown; (2) trial counsel was ineffective for failure to preserve the erroneous ruling on defendant's challenges for cause of the venirepersons. The second point fails as a matter of law. A claim of ineffective assistance of trial counsel may not be considered when presented for the first time on direct appeal. *State v. Wheat*, 775 S.W.2d 155, 155–158 (Mo. banc 1989), *cert. denied*, — U.S. ——, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990).

Defendant's remaining challenge to the conviction may be considered only as a matter of plain error because it was not included in the motion for new trial. *State v. Mitchell*, 611 S.W.2d 223, 228 (Mo. banc 1981). Plain error is a matter of "manifest injustice" or "miscarriage of justice." Rule 30.20; *State v. Petary*, 781 S.W.2d 534, 540 (Mo. banc 1989). We find no error, plain or otherwise.

In determining when a challenge for cause should be sustained, each case must be judged on its facts. *State v. Hopkins*, 687 S.W.2d 188, 190 (Mo. banc 1985). Defendant challenged venireperson Guthrie for her answers regarding proof beyond a reasonable doubt. In summary, Guthrie answered questions of defense counsel which indicated she would follow the instructions of the court and "[i]f most of the evidence showed [her] that he did do it then I think that's beyond a reasonable doubt." Taken together these answers do not disclose a disqualification of venireperson Guthrie to serve on the jury.

Defense counsel inquired of venireperson Brown regarding defendant's right not to testify in his own defense. The complaint is that Brown equivocated on whether she could follow the court's instruction not to consider defendant's failure to testify in deciding guilt or innocence. The last question and answer concludes the issue. Defense counsel asked: "with all of that in mind, do you still think you might have a problem if Brian doesn't testify? And I'm not saying he won't." Venireperson Brown responded, "I don't think I have a problem, no."

We find no plain error in overruling defendant's challenges for cause. We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.