STATE of Missouri, Respondent,

v.

Edward Lee WADE, Appellant.

No. 17654.

Missouri Court of Appeals,
Southern District,
Division Two.

March 10, 1992.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Defendant was charged with rape, § 566.030,[1] and sodomy, § 566.060. The jury found him guilty of both offenses. He was sentenced to ten years' imprisonment on each conviction, with the sentences to run consecutively. Defendant appeals, presenting four points relied on. We affirm.

Defendant does not challenge the sufficiency of the evidence, and none of his points require an extended discussion of the facts. Suffice to say, the record reveals ample evidence to support both convictions.

■ For his first point, Defendant asserts the trial court erred in overruling his challenge for cause of venireperson Don Barr because he indicated he knew State's witness Judge Chowning socially, and when asked if he would find him more or less credible than anyone else, answered, "I don't know."

The transcript reveals the trial court held a conference outside the hearing of prospective jurors to entertain challenges for cause from both sides. Concerning venire-

1. All statutory references are to RSMo 1986 unless otherwise indicated.

person Barr[2] the following exchange occurred:

MR. BURROWS: Don Barr indicated ... as far as Judge Chowning's credibility, he indicated some hesitation there as far as attaching more to Judge Chowning.

THE COURT: You know, I just simply don't know what those people mean when they just don't answer, and I mean he's one of those fellows that just simply didn't give an answer. I mean, I don't know what they mean. I don't know if that means that they're willing to convict without hearing the evidence or they're willing to acquit without hearing the evidence. I mean I don't know what it means.

MR. BURROWS: It could go either way, Judge. I'm concerned about impartiality, whether it's in my favor or in the prosecution's favor. They need to be impartial.

MR. CLOUGH: Can we go off the record a minute?

There was discussion off the record between the Court and the attorneys, after which proceedings continued outside the hearing of the prospective jurors:

THE COURT: What else do we have here?

Thus, the record only reveals Defendant showed mild concern over venireperson Barr's impartiality. No challenge for cause was ever made and obviously the trial court made no ruling favorable or adverse to Defendant. The record implies the trial court discussed venireperson Barr off the record with both parties. However, after going back on the record, the subject was never again raised by Defendant.

Assuming Defendant had an objection to the retention of venireperson Barr, it was his duty to challenge him for cause and

obtain a ruling from the court. " 'In order to preserve an allegation of error proper objection must be promptly made and there must be an adverse ruling.' " *State v. Williams,* 664 S.W.2d 226, 228 (Mo.App. 1983). By making no objection to venireperson Barr after a discussion off the record, the trial court was entitled to believe that Defendant was satisfied with the answers given by Barr. *See State v. Kelly,* 823 S.W.2d 95, 97 (Mo.App.1991). Therefore, Defendant's point is not properly preserved for appellate review. Even so, we will review the point for plain error. Rule 30.20.[3]

Even if venireperson Barr should have been excused for cause because of his equivocal responses concerning Judge Chowning, the inquiry does not end there.

A defendant in a criminal case is entitled to a panel of qualified jurors before he is required to make his peremptory challenges....

... Although errors in the exclusion of potential jurors should always be on the side of caution, reversal is required only if the defendant has been prejudiced. The defendant has been held not to be prejudiced where the police officer did not provide any elements of the State's case[;] where the more important evidence came from other witnesses[;] and where the police officer did not testify to any truly contested issue.

*State v. Draper,* 675 S.W.2d 863, 865 (Mo. banc 1984) (citations omitted).

Here, Judge Chowning testified he was the associate and probate judge of Taney County, Missouri, and the victim was found, in his court, to be incapacitated to the extent she was in need of a guardian and conservator. Nothing in his testimony proved any element of the State's case, and he testified to no truly contested issue. The important evidence came from the vic-

---

**2.** Barr did not sit on the jury. Because the record does not contain the jury list, indicating the strikes made, we assume Defendant exercised one of his peremptory challenges to eliminate Barr.

**3.** Rule references are to Missouri Rules of Court (1991).

tim. For these reasons we find no prejudice to Defendant. Point I is denied.

■ In Point II, Defendant complains the trial court plainly erred in failing, *sua sponte*, to declare a mistrial due to the prosecutor's closing arguments. Defendant says the prosecutor argued that Defendant should be convicted because he was a "sexual pervert" and further commented on the victim's credibility.

Defendant failed to object to any portion of the State's closing argument. He never raised the issue in his motion for new trial as required by Rule 29.11(d). Defendant concedes that a point of error not raised in the motion for new trial is not preserved for our review but requests plain error review. Our gratuitous review of this point reveals no plain error.

Defendant incorrectly recites the prosecutor's argument in this point relied on. The argument actually made is set forth:

> ... I suggest to you that whatever the penalty is, it be severe enough that it sends a message to the sexual perverts out there in this community, that it sends a message to the little boys and girls out there that they will not be molested time and time again and nothing done about it.
>
> [The victim] has told the same, consistent story from the time she first went to the deputy sheriffs, to the time she went to social welfare, to the time she went to the hospital, to the time she come [sic] into the Prosecutor's office. I'm proud of her, and usually people like that are telling the truth, the absolute truth, and nothing but the truth.

A case with a similar complaint of Defendant is *State v. Schwer*, 757 S.W.2d 258 (Mo.App.1988), where the prosecutor argued:

> [C]onvict this man. It may not be a big blow, but it's going to be a blow to them; it's going to send a message, maybe not a big message or a loud message, but it's going to send a message to the drug dealers here that the people—the citizens of St. Charles County are simply not going to tolerate the sale of drugs.

*Id.* at 264. The Court said:

> [W]e have long recognized that arguments on the deterrence of crime and the necessity of law enforcement need not have support in evidence. Prosecutors are permitted to argue such propositions as the prevalence of crime in the community, the personal safety of its inhabitants, and the jury's duty to uphold the law as well as inferences from its failure to convict; and, such pleas may call upon common experience.

*Id.* (citations omitted). The Court determined the prosecutor was making a legitimate appeal to the jury to uphold the law and to do its duty.

Akin to *Schwer*, the prosecutor here called upon the jury to send a message to the sexual perverts that the citizens of Taney County are simply not going to tolerate such activity. The prosecutor's comments did not exceed the bounds of permissible argument because the thrust of the comments was a plea for stricter law enforcement as a deterrent to crime.

■ As to the statement on the victim's credibility, a prosecutor may state an opinion or conclusion that he fairly draws from the evidence. *State v. Nickens*, 701 S.W.2d 478, 483 (Mo.App.1985). Furthermore, "broad discretion rests with the trial court to control closing argument, with wide latitude accorded counsel in their summaries." *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983). "The prosecutor has the right to argue reasonable inferences from the evidence, and additionally, he has the right to draw any inference from the evidence which he believes in good faith to be justified." *Id.*

Here, the prosecutor fairly commented from the evidence that a mentally deficient victim consistently related her same troubled story on numerous occasions. He emphasized such consistency would indicate truthfulness. Under the circumstances of

this case, we determine no plain error occurred in the prosecutor's closing argument.

■ Defendant's Point III complains of ineffective assistance of his trial counsel who, says Defendant, brought out evidence vital to the State's case and failed to object to the prosecutor's improper closing argument.

The short answer to Defendant's complaint is found in *State v. Wheat*, 775 S.W.2d 155, 157–58 (Mo. banc 1989). There, our Supreme Court ruled that claims for relief cognizable under Rule 29.15, i.e., ineffective assistance of trial counsel, may not be considered when presented for the first time on direct appeal.[4]

Defendant seeks to avoid the consequences of *Wheat* by referring us to a number of pre-*Wheat* cases. We do not view such cases as controlling. We are bound to follow the last controlling opinion of our Supreme Court. Art. V, § 2, Mo. Const.; *State v. Dunn*, 615 S.W.2d 543, 550 (Mo.App.1981). Point III is without merit.

Defendant's last point urges that plain error was committed by the trial court in giving an instruction based on MAI–CR 3d 302.04, defining reasonable doubt. Defendant says the instruction dilutes the State's burden of proof relying on *Cage v. Louisiana*, 498 U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).

The definition contained in the "reasonable doubt" instruction has been repeatedly upheld, most recently in *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). *See also State v. Griffin*, 818 S.W.2d 278, 282–83 (Mo. banc 1991); *State v. Murray*, 744 S.W.2d 762, 771 (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988); *State v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988).

As was stated in *State v. Lewis*, 809 S.W.2d 878 (Mo.App.1991), where defendant made an identical attack on MAI–CR 3d 302.04, based on *Cage*, "We have no authority to consider the request. Art. V, § 2 Constitution of Missouri. Accordingly, we find no error, plain or otherwise." *Id.* at 880. Point IV is denied.

The judgment is affirmed.

FLANIGAN, C.J., and MAUS, J., concur.

---

**4.** This rule in *Wheat* has since been consistently applied in numerous cases such as *State v. Seaton*, 815 S.W.2d 90, 91 (Mo.App.1991); *State v. Reed*, 811 S.W.2d 50, 54 (Mo.App.1991); *State v. Dunlap*, 811 S.W.2d 492 (Mo.App.1991); *State v. Smith*, 806 S.W.2d 119, 122 (Mo.App.1991); *State v. Johnston*, 786 S.W.2d 220, 222 (Mo.App. 1990); *State v. Riley*, 787 S.W.2d 314, 316 (Mo.App.1990); *State v. Keenan*, 779 S.W.2d 743, 747 (Mo.App.1989).