**STATE of Missouri, Plaintiff–Respondent,**

v.

**Patricia WATSON, Defendant–Appellant.**

No. 62539.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 17, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 16, 1993.

Application to Transfer Denied
Oct. 26, 1993.

Dorothy M. Hirzy, Clayton, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Patricia Watson, appeals from judgments of conviction, after a jury trial, of assault in the second degree and assault in the third degree. She was sentenced to six months in jail; execution of the sentence was suspended, and she was given probation for three years. Defendant was also ordered to pay a fine of $1,000, with execution suspended for six months. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence showed that defendant and the male victim were co-workers. On January 22, 1991, defendant approached this victim and his female companion at a lounge. Defendant confronted the male victim in the parking lot of the lounge. Defendant hit the male victim and a series of violent encounters ensued. These encounters culminated when defendant retrieved a knife from her car and stabbed the male victim several times.

During the course of this melee, defendant also attacked the male victim's female companion. Defendant punched, kicked and scratched the female victim.

Defendant first contends that the trial court erred in failing to require the state to give racially neutral reasons for the state's use of peremptory strikes to remove venirepersons from the jury pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Not only is the record totally undeveloped on this point, but the defendant failed to make a timely objection in order to preserve this claim. A *Batson* challenge is untimely when not raised before the venire is excused and the jury sworn. *State v. Parker*, 836 S.W.2d 930, 935 (Mo. banc 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992). Defendant, therefore, waived her *Batson* claim when she failed to timely object.

In addition, there is nothing in the record to substantiate defendant's claim. The voir dire does not disclose who, if any, of the potential jurors were black. The jury list of the state's and defendant's strikes are not included in the legal file. The issue, therefore, is not preserved.

Defendant also attempts to claim ineffective assistance of trial counsel for failure to raise a *Batson* challenge. This claim is not cognizable when presented for the first time on direct appeal. *State v. Wheat*, 775 S.W.2d 155, 157–158 (Mo. banc 1989). Defendant's first point is denied.

Defendant next contends that the trial court erred in submitting a self-defense instruction that did not include the language which instructs that the initial aggressor in an encounter can regain the privilege of using force in lawful self-defense if he withdraws from the original encounter and clearly indicates to the other person his desire to end the encounter. Defendant asks us to review this alleged instructional error under plain error. We find no manifest injustice or miscarriage of justice. No jurisprudential purpose would be served by an extended written opinion on defendant's second point. Defendant's second point is denied. Rule 30.25(b).

Defendant's judgments of conviction are affirmed.

REINHARD and CRIST, JJ., concur.